IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10397
Conference Calendar
_____


DEBRA LYNN LEBOURNEY PATMORE,

                                        Plaintiff-Appellant,

versus

BEN WHITEMAN, JR., Sheriff;
DAVIS, Sergeant, Jail Administrator;
ALICE YOUNGBLOOD, Sergeant, Parker
County, TX

                                        Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
USDC No. 4:94CV00531
- - - - - - - - - -
(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

    Debra Lynn Lebourney Patmore, a former inmate of the Parker County Jail, filed a pro se and in forma pauperis (IFP) civil rights complaint alleging the denial of medical care.  The district court dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(d).

_____

    [*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

Patmore filed in the district court a motion requesting leave to appeal out-of-time. She also filed a notice of appeal in this court. This court remanded the case to the district court for a determination whether Patmore had deposited her notice of appeal in the prison system on or before the last day for filing. This court also directed the district court to make a final ruling on Patmore's motion for leave to appeal out-of-time.

The district court's subsequent determination that Patmore's notice of appeal was not timely filed, and its denial of Patmore's motion for leave to appeal out-of-time, are the subject of the instant appeal. However, Patmore neither argues nor refers to the issues before this court in her appellate brief. Rather, Patmore re-argues the merits of her civil rights complaint, impliedly suggesting that the district court erred by dismissing the complaint. Patmore's appeal of the district court's dismissal of her complaint was dismissed for failure to file a brief.

Although we liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must brief the issues and reasonably comply with Fed. R. App. P. 28(a). Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). Issues not briefed are deemed abandoned. Evans v. City of Marlin, Tex., 986 F.2d 104, 106 n.1 (5th Cir. 1993). Because Patmore does not brief the only issues before the court, they are deemed abandoned

and we will not address them.  <u>See</u> <u>id.</u>  The appeal is DISMISSED.

<u>See</u> <u>Grant</u>, 59 F.3d at 525; 5th Cir. R. 42.3.2.